## M. M. McMANAMA *v.* LAURA GRIMSLEY.

**Specific Performance — Exchange of Land.**
> Specific performance of an executory contract for the exchange of lands when neither party is in position to convey the legal title will not be enforced.

APPEAL FROM BOONE CIRCUIT COURT.

June 12, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

This proceeding was instituted to enforce the specific performance of an executory contract for the exchange of real estate.

The written contract filed by appellant, as the foundation of his action, recites that the consideration for the fifty-four acres of land which appellee's ancestor covenanted to convey to appellant was a house and lot in Hamilton, valued by the parties at $600.

It is not alleged by appellant in the original petition that he had conveyed the house and lot in Hamilton to appellee, or to her father, or that he is able and willing to make the conveyance.

In the answer it is admitted that Peter Grimsley, the father of appellee, did not have the legal title to the land at the time of the sale or exchange, and never had it, and it is charged that the legal title is not in appellee and that she is unable to convey the same.

It is furthermore charged in the answer that appellant has never conveyed the house and lot in the town of Hamilton, either to the father of appellee in his lifetime, or to her since his death; and that he has no title thereto, and is unable to convey the same, that the parties are not in a condition to convey the respective parcels of land to each other, and to carry out said agreement as was intended at the time it was made, and a rescission of the contract is prayed for.

The contract was rescinded by the court below and appellant complains of that judgment.

By an amended petition it is alleged that the personal representatives of Carneal by a proceeding in the same court were asserting a lien on the land for unpaid purchase money, and they are made defendants in this action, and the plaintiff alleges that he has a lien on the house and lot in Hamilton and prays for an enforcement of it, and although that amended petition was filed nearly three years after the answer was filed in which it was alleged that he had no title to the house and lot in Hamilton, he neither denies the allegation nor alleges that he had conveyed said house and lot, or was able and willing to do so.

After this amendment was filed the case was submitted for trial before Carneal's executors were brought before the court.

From the foregoing statement it is apparent that appellant was not in a condition to demand a specific performance of the contract nor to enforce a lien on the house and lot in Hamilton for the alleged price he was to receive for it.

As, therefore, the judgment of rescission was proper and upon equitable principles the same is affirmed.